IN THE UNITED STATES DISTRICT COURT FOR THE

\_\_\_\_\_MIDDLE\_\_\_\_\_ DISTRICT OF \_\_\_\_ALABAMA\_\_\_\_

\_\_\_\_MONTGOMERY,\_\_\_\_ DIVISION

RECEIVED

2008 FEB 28 A 9:31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Motion under Title 18 U.S.C. §3582 (c) (2) and U.S. Sentencing Guidelines §1b1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective on November 1, 2007, and Caused a Two-Level Reduction In Base Offense Level for Cocaine Base

RODNEY HARRIS,
          Petitioner,

Vs.                            Criminal Case No. 2:05-0173-WKW

United States of America.

      COMES NOW, the Petitioner, \_\_\_\_RODNEY HARRIS\_\_\_\_, acting on his own behalf and REQUESTS this Honorable Court to use its discretion and GRANT him the relief provided in the 2007 Guideline Amendment Nine. Amendment Nine modified the drug quantity thresholds in the Drug Quantity Table so as to assign, for crack cocaine (cocaine base) offenses, base offense levels corresponding to guideline ranges that include the statutory minimum penalties.

      Accordingly, pursuant to the amendment, 5 grams of cocaine base are assigned a base offense level of 24 (51 to 63 months at Criminal History Category of I, which includes the five-year {60 month} statutory minimum for such offenses), and 50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year {120 month} statutory minimum for such offense. The base offense levels for 5 grams and 50 grams of cocaine base were levels 26 and 32, respectively, before Amendment Nine. Cocaine base offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels.

      Based on the following information, Petitioner qualifies for the two level reduction in his sentence and REQUESTS that relief be granted:

1. Date of conviction (whether by guilty plea or trial) __MARCH   2006__
2. Date of sentencing (the last time you were sentenced, if you were re-sentenced)
   __6-29-2006__
3. Did cocaine base alone cause your Base Offense Level (BOL) to be greater than level 12? If no, Amendment Nine does not apply to you. If "(Yes)" or "Don't know", proceed with this motion.
4. List the level that your sentence was based and the count related to the level.
   Level __25__ for count(s) __100 MONTHS__
   Level __25__ for count(s) __100 MONTHS__
   Level __25__ for count(s) __100 MONTHS__
   (If you received more than one sentence and the sentences are different use additional lines)
5. What was your Criminal History Category? (Circle One)
   I   II   III   IV   (V)   VI
6. What was your sentencing rage and sentence before Amendment Nine?
   Sentencing range __100-125 months__, I received a sentence of __100-month__ for count __3__. If applicable, write in any other sentences you received for cocaine base that is different from the sentence you listed.
7. What is yore offense level and sentencing range after a two-level reduction base on Amendment Nine?
   Level __23__   Sentencing range __84-105__   Count(s) __84-105__
   If more than one sentence that is different from the one above (drug sentences only).
   Level __23__   Sentencing range __84-105__   Count(s) __2__
   Level __23__   Sentencing range __84-105__   Count(s) __3__
8. Petitioner's projected release date at this time is __10-21-2013__
   Petitioner respectfully requests to be sentenced at the bottom of his new sentencing range.

Respectfully submitted this __03__ day of __DECEMBER__, 200_7_.

Signature of Petitioner __Rodney Harris__
Typed Name of Petitioner __RODNEY HARRIS__
Register Number __11768-002__
Address of Petitioner __post office box 725__
__EDEGFEILD, S.C. 29824__